## TRATTNER v. THE STATE OF OHIO.

*Criminal law — Trial by jury — No implied waiver of right, when — Municipal court of Cleveland — Section 1579-24, General Code.*

Under the provisions of Section 1579-24, General Code, giving to a defendant in a criminal prosecution in the municipal court of Cleveland the right to demand a jury trial, there is no implied waiver by the defendant of such right if demanded at any time before the court proceeds to inquire into the merits of the case.

(Decided April 18, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. N. E. Cook,* for plaintiff in error.

*Mr. Sam Rosenberg,* for defendant in error.

MIDDLETON, J. Plaintiff in error, Burt Trattner, and one John M. Birmingham, were jointly charged by an affidavit, duly filed in the municipal court of Cleveland, with selling pools on horse racing, in violation of the provisions of Section 13062, General Code.

The record discloses that after two continuances, their case was heard on the 20th day of January, 1921, by the Honorable George A. Howells, one of the judges of said court, who found the plaintiff in error guilty of the charge aforesaid, assessed a fine of $500 and costs against him, and also committed him to the workhouse to serve a term of six months.

At the hearing of the case, and before any evidence was adduced, or the court had proceeded to make any inquiry into the merits of the charge against the plaintiff in error, the latter demanded a

jury.   This demand was refused by the judge, with
this remark: "I will refuse it.   Too late now for a
jury."   It is now contended that this refusal con-
stituted an invasion of the rights of the plaintiff in
error, and was such prejudicial error as to require
a reversal of the judgment against him.

In that contention we concur.   By virtue of the
provisions of Section 1579-24, General Code, a de-
fendant in a criminal case is entitled, on demand,
to a trial by jury, if such demand is made before
the court has proceeded to inquire into the merits
of the case.   The provisions of this section, in this
respect, are:

"In all criminal cases, in which the accused is
entitled to a jury trial, a demand for a jury trial
must be made by the accused before the court shall
proceed to inquire into the merits of the cause,
otherwise a jury shall be deemed to be waived, and
the cause shall be tried by the court."

It is conceded that in the instant case the accused
was entitled to a jury trial, and it seems that the
only question to determine is whether or not, under
the provisions aforesaid, the accused may be deemed
to have waived that right.

The constitutionality of said provisions was de-
termined by the supreme court of Ohio in the case
of *Hoffman* v. *State,* 98 Ohio St.; 137.   It is there
held:

"Under such statutes, before error may be pros-
ecuted to the action of the trial judge in trying the
case without a jury, the record must show such de-
mand and a refusal to grant the same."

In the instant case the record, as before observed, shows all the facts required under this construction of the law to be present.

It would seem from the attitude of the trial court that by reason of the two continuances he regarded the right of trial by jury to have been waived.

We do not think this statute admits of any such construction, or that its provisions may be in any degree extended. The plain import and effect of the law is to give the accused the right to a jury trial if demanded, and that right remains with the accused until the court shall proceed to inquire into the merits of the charge against him.

Therefore there can be no waiver of such right until the time when such inquiry begins. If the fact that two continuances had been made in this case should be held to amount to a waiver of the right to demand a jury, the effect would be to place in the statute a limitation of the defendant's right not expressed therein, and one which, in our judgment, would be wholly unwarranted.

. In view of these considerations, the judgment herein must be and is reversed, and the case remanded to the court below for further proceedings according to law.

*Judgment reversed, and cause remanded.*

SAYRE, P. J., and MAUCK, J., concur.

Judges of the Fourth Appellate District, sitting in place of Judges WASHBURN, VICKERY and INGERSOLL of the Eighth Appellate District.