The State of Ohio, Appellee, *v.* Magana, Appellant.

(No. 6759—Decided November 21, 1961.)

*Mr. Russell Leach*, city attorney, *Mr. Bernard T. Chupka*, *Mr. Robert M. Duncan* and *Mr. David L. Kessler*, for appellee.
*Mr. George E. Tyack* and *Mr. Paul A. Scott*, for appellant.

BRYANT, J. The case of the State of Ohio, appellee herein, against Rose G. Magana, appellant herein, in the Columbus Municipal Court on a charge of selling intoxicating liquor to a minor, contrary to Section 4301.22 (A), Revised Code, came on for trial at 10:30 a. m., April 6, 1961.

Counsel for appellant, shortly before the trial began, made a demand in writing, filed with the clerk of the court, for a jury trial. The penalty for the offense of selling intoxicating liquor to a minor under Section 4301.99 (L), Revised Code, is a fine of $25 to $300, or imprisonment for not more than six months, or both.

The Constitution of Ohio, in Section 5 of Article I, provides, in part, that "The right of trial by jury shall be inviolate," and Section 10 of Article I thereof provides, in part, that "In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury * * *."

These constitutional guarantees refer to the right of trial by jury as known to the common law at the time of the adoption of the Constitution and apply in criminal cases when imprisonment may be part of the punishment. See 15 Ohio Jurisprudence (2d), 311, Criminal Law, Section 81, and *City of Cincinnati* v. *Wright*, 77 Ohio App., 261. They do not apply in cases involving a money penalty only, either by fine, costs, or both, even though collection thereof be enforced by imprisonment. See *Inwood* v. *State*, 42 Ohio St., 186.

The right has been enlarged by the Ohio Legislature. All criminal procedure was revised and codified in 1929 by the adoption of the Code of Criminal Procedure of Ohio, 113 Ohio Laws, 123. Four years later by the adoption, in 1933, of House Bill No. 34, 115 Ohio Laws, 78, the right of trial by jury was granted in any case under either statute or ordinance where the maximum penalty exceeded a fine of $50. See Section 2945.17, Revised Code, formerly Section 13443, General Code.

The affidavit in this case, which was filed February 28, 1961, alleged that the offense occurred on the day prior thereto, *i. e.*, February 27, 1961, at a liquor establishment, located on East Livingston Avenue, Columbus, Ohio, which was the holder of classes D-1, D-2 and D-3 permits issued by the Department of Liquor Control. As hereinbefore noted, the penalty for the offense alleged in the affidavit is set forth in Section 4301.99 (L),

*supra*, and the next following section, Section 4301.991, provides that in case of a conviction of a permit holder, his employee or agent, for any violation of Chapter 4301, Revised Code, being the Liquor Control Act, such conviction must be certified to the Director of Liquor Control.

As before pointed out, the written demand for a jury trial was filed with the clerk of the Municipal Court on the very day of the trial, to wit, April 6, 1961, a short time before the trial to the court on the merits was to begin. This demand was overruled by the trial court, the trial to the court proceeded over the objection of counsel for defendant, the defendant was found guilty and was fined $15 and costs. After the overruling of a motion for a new trial, the defendant gave notice of appeal to this court, claiming she was deprived of the jury trial contrary to the provisions of Sections 5 and 10 of Article I of the Constitution of Ohio, and Amendment VI of the federal Constitution.

The trial court, in overruling the demand based its decision upon the provisions of Section 2938.04 of the Revised Code, enacted in Amended Substitute Senate Bill No. 73, 128 Ohio Laws, 97, 113, effective January 1, 1960, amended as to form in 129 Ohio Laws, H. B. No. 1, Section 1, effective January 10, 1961. This section reads as follows:

"In courts of record right to trial by jury as defined in Section 2945.17 of the Revised Code shall be claimed by making demand in writing therefor and filing the same with the clerk of the court not less than three days prior to the date set for trial or on the day following receipt of notice whichever is the later. Failure to claim jury trial as provided in this section is a complete waiver of right thereto. In courts not of record jury trial may not be had, but failure to waive jury in writing where right to jury trial may be asserted shall require the magistrate to certify such case to a court of record as provided in Section 2937.08 of the Revised Code."

Section 2938.04, Revised Code, above set forth, is a comparatively new section of law, but during its brief life it has existed in two forms. It was originally enacted in 128 Ohio Laws, 97, 113, effective on and after January 1, 1960. This version we shall call the original form. The Legislature in 129 Ohio Laws, H. B. No. 1, effective January 10, 1961, amended

this section and the amended form has continued and is in effect as of the date on which this opinion is written.

Obviously, it was in effect in its amended form on April 6, 1961, when the hearing was held in the lower court. Unfortunately, House Bill No. 1 was not widely distributed for a considerable period of time after its enactment and the court, on page two of the bill of exceptions, quotes from the original form. The only difference we can discover between the original and amended forms is in the second sentence, which as originally enacted read as follows:

"Failure to claim jury trial as provided *herein shall be* a complete waiver *or* right thereto." (Emphasis added.)

In the amended form, the words emphasized were eliminated and in place of "herein shall be" were inserted "in this section is." Also, the word "or" was taken out and the word "of" inserted in place thereof. The first change was made to make this section agree in form with the pattern adopted for the Revised Code generally. The second change was to correct an error or mistake. The defendant in her brief objects to the statute as read and complains that it is meaningless. We do not so regard it and in our judgment it is clear what is intended and the mistake is not prejudicial in our opinion.

Furthermore, as we see it, it will not be necessary for us to pass upon the question of the constitutionality of Section 2938.04, *supra*, for the reason that we do not believe that the provisions of this section were controlling or even applicable in this case. This is for the reason that Section 2938.04, by its terms, applies generally to all courts of record having and exercising criminal jurisdiction and, being general in nature, must yield if in conflict or not reconcilable with a specific provision applicable to Municipal Courts.

In the latter class is Section 1901.24 of the Revised Code, which is a part of the Municipal Court Act, and which, *at the time of the trial in this case,* gave to the defendant the right to demand a jury trial at any time before "the court shall proceed to inquire into the merits of the cause," which section, as in effect at all times here pertinent, reads in part as follows:

"Any cause in a Municipal Court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing by a party entitled to the same. * * * In any criminal

110

case in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused *before the court shall proceed to inquire into the merits* of the cause, otherwise a jury shall be deemed to be waived.  * * *  In any criminal action a jury shall be composed of twelve qualified electors and their verdict shall be unanimous.'' (Emphasis added.)

If this section was controlling at the time of the trial in this case, and in our opinion it was, then the defendant had a right to demand a jury trial and it was prejudicial error to refuse the request.

In the case of *Hoffman* v. *State*, 98 Ohio St., 137, decided April 2, 1918, the defendant had been charged with a misdemeanor by affidavit filed in the Cleveland Municipal Court, which court at that time had its own separate legislative act. Section 1579-20 of the General Code, being a part of the special court act, provided the plan of practice and procedure in criminal cases and provided that they should be the same as that provided by law for police courts in municipalities.  On behalf of the defendant it was contended that Section 4577 of the General Code, relating to jurisdiction of police courts controlled in the case of the Cleveland Municipal Court, the last named section providing: ''Cases in which the accused is entitled to a jury trial, shall be so tried, unless a jury be waived.''

The Supreme. Court of Ohio held otherwise stating that a specific provision in the Cleveland Municipal Court Act, that all causes in such court shall be tried by the court unless a jury trial is demanded, was controlling.  In the majority opinion, Wanamaker, J., at page 140, wrote as follows:

''There is much virtue in plaintiff in error's contention for reversible error if Section 4577, General Code, applies to the Municipal Courts, and in the absence of any provision relating specifically to Municipal Courts doubtless said section would apply.  But the General Assembly of Ohio, in the Municipal Court Act of Cleveland, expressly provided otherwise by Section 1579-24, General Code, which reads:

'' 'All causes in the Municipal Court shall be tried to the court unless a jury trial be demanded by a party.'

''This language is all-comprehensive and includes both civil causes and criminal causes.  If there be any doubt as to this construction, the subsequent provisions will remove such doubt.''

The Legislature has recognized the necessity of amending Section 1901.24, *supra*, and by virtue of action taken by the one-hundred and fourth General Assembly, effective as above noted, on October 19, 1961, such section has been amended and today contains provisions identical with those found in Section 2938.04, *supra*.

But even if this were not so, the judgment would have to be reversed for an entirely separate and distinct reason to which we shall refer. In the partial bill of exceptions filed in this case, which related to the proceedings taking place on April 6, 1961, the court stated that the defendant had not been arraigned and entered a plea, the court stating:

"The Court: I do not find that any plea has ever been entered on either one of these cases. However, on this date which is April 6, 1961, these cases were set for trial and were duly assigned by the assignment commissioner of this court for trial at 10:30 a. m. At a time not determinable from the record on this date, a form was filed in the Columbus Municipal Court by George Tyack, attorney for the defendant, in which said George Tyack, in cases Nos. 4691 and 4692, filed a demand for a jury of twelve in the above-entitled cause. The court takes that printed phrase "in the above-entitled cause" to apply to both case No. 4691 and case No. 4692. It was duly signed by Mr. Tyack and was filed in this court sometime prior to the actual time of trial, the court assumes.

"Mr. Tyack: Yes, sir, and sometime prior to 10:30.

"The Court: All right. That may be in the record, sometime prior to 10:30 a. m.

"Now, the court is of the view that in light of Section 2938.04 of the Revised Code of the state of Ohio, which section became effective on January 1, 1960, and which section reads in part as follows: 'In courts of record right to trial by jury as defined in Section 2945.17 of the Revised Code shall be claimed by making demand in writing therefor and filing the same with the clerk of the court not less than three days prior to the date set for trial or on the day following receipt of notice whichever is the later. Failure to claim jury trial as provided herein shall be complete waiver or right thereto.'

"The court finds that the date of setting the trial is a later date than the receipt of the notice of the trial, and there-

fore the court finds that under the statute, the defendant has waived her right to a jury trial in both cases. And therefore, the court overrules the request for a jury trial filed by Mr. Tyack on this date which date is the date of the trial, and the court denies the application for jury trial—the demand for jury trial, and the court orders that the case proceed at this time. Does either counsel wish to comment at this time?

"Mr. Tyack: At this time, I would like to raise the question of the constitutionality of the statute and state that in my opinion, we are entitled, under the Constitution of the state of Ohio as well as the federal Constitution, to a right of trial by a jury, and questions the right of the Legislature to abridge that right; and we at this time introduce the question of the constitutionality and challenge the court's ruling based upon the constitutionality of the statute.

"The Court: Thank you, Mr. Tyack. Do you wish to comment, Mr. Kessler?

"Mr. Kessler: No, I do not, your Honor.

"The Court: All right. I believe Mr. Tyack's words, of course, may be made a part of the record. The court finds that the statute is constitutional on its face. The court has been cited to no authority since the enactment of this statute which holds that this particular statute is unconstitutional, and therefore the court's prior ruling will remain in effect. The demand for a jury on both case No. 4691 and 4692 is refused. We'll then proceed to trial, reserving always your right, Mr. Tyack, to raise the constitutional question."

An examination of the transcript in this case discloses seven docket and journal entries, all under the date of February 28, 1961. From other papers in the file it would appear that the first three entries, namely, a bond forfeiture, the appearance of the defendant and setting aside of the bond forfeiture and continuance of the case until March 14, 1961, took place on February 28, 1961. The fourth entry apparently relates to an event which took place on March 14, 1961, and shows that on that date the case was continued until April 6, 1961, while the fifth entry apparently relates to events happening on April 6, 1961, including the trial, that defendant was found guilty, that she was fined $15 and costs and that the cause was continued until April 21, 1961, to permit the defendant to file a motion for a new trial.

A yellow sheet attached to the file contains a pencil listing of the various events taking place by date and this indicates that on April 6, 1961, defendant entered a plea of not guilty, which is consistent with the statement made by the court in the partial bill of exceptions. The official transcript nowhere makes any reference either to the arraignment or any plea by the defendant. This court has no right to go outside the record, and therefore must conclude either that the defendant never was arraigned, in which case a reversal clearly would be required, or that, as stated by the trial court, defendant had not been arraigned prior to 10:30 a. m., April 6, 1961, and thereafter an arraignment on the day of the trial took place. We are unable to find any support in the record for the statement made in the brief of plaintiff that defendant was arraigned on February 28, 1961.

Until a defendant is arraigned there is no opportunity for the court to inform the accused of the nature of the charge, the identity of the complainant, to permit defendant to read the affidavit, to inform the defendant of his right to have counsel, and to inform defendant of the effect of the four pleas permitted, of his right to a trial by jury and that defendant will lose that right unless he makes demand therefor in written form. These and other mandatory provisions are contained in Section 2937.02 of the Revised Code.

In Section 2937.03 of the Revised Code, there appear the requirements that the charge must be read to the defendant unless the reading be waived; the defendant must be asked if he understands the nature of the charge and if he does not the court must give an explanation of the meaning of the charge; and if defendant desires to obtain counsel, a continuance must be granted. These and other rights are guaranteed to a defendant by the provisions of Section 2937.03.

Other sections which follow govern procedure where the plea is either guilty or ''no contest,'' while in Section 2937.08 of the Revised Code it is provided that the court shall set the matter for trial, not on the date when the plea is entered, but ''at a future time,'' and it is expressly provided that the court may proceed with the trial forthwith ''only if both prosecutor and accused expressly consent.'' There was no such consent shown here.

As we see it, an examination of the statutes just above referred to will disclose what we regard as two prejudicial objections to the procedure here followed. In the absence of the express waiver, which is required to proceed forthwith with a trial on the merits, there was no authority to hold the trial on the same day the plea was entered. Furthermore, it would appear that no legal date of trial ever was or could have been set, from which it follows in our judgment that there was no basis whatever for computing the time required in order to imply a waiver of a jury trial, namely, the date following the receipt of notice or three days before the date of the trial, whichever is later.

For the reasons above set forth, the assignment of error made on behalf of appellant is well taken and must be sustained, the judgment of the court below must be, and the same hereby is, reversed and set aside, and the cause is remanded to the court below for further proceedings according to law.

*Judgment reversed.*

DUFFEY, P. J., concurs.

DUFFY, J., concurring. I concur for the reason that I believe Section 1901.24 of the Revised Code should govern.