THE STATE OF OHIO *v.* SCHERER

(No. 80 TRC 38978—Decided March 13, 1981.)

Akron Municipal Court.

*Mr. Thomas Gacse,* for plaintiff.
*Mr. Charles E. Lowrey,* for defendant.

GEORGE, J.   From the testimony presented to the court at the suppression hearing, the defendant was arrested, without a warrant by a State Highway Patrolman. The patrolman was dispatched to an accident on Theiss Road in

Northampton Township. He found two township police officers, their cruiser, defendant's vehicle and defendant in the back seat of the cruiser when he arrived. He had not seen the accident. Only one vehicle was involved. That vehicle had from the tracks in the snow left the road, hit a culvert and knocked down two mailboxes. The patrolman testified without objection that the defendant told him he swerved to avoid an oncoming vehicle in his lane. The patrolman observed defendant's disheveled appearance, the odor of alcohol, and the scene of the accident. He arrested the defendant for driving under the influence of alcohol. Defendant has filed a motion to suppress.

The question presented is whether there was a valid warrantless arrest for a misdemeanor.

The court holds that there was. The defendant was a person committing an offense in the "presence" of the patrolman or a "person found" violating a law.

R. C. 5503.01 prescribes the rule for arrest of misdemeanants:

" * * * patrolmen * * * may arrest, without warrant, any *person* who, *in the presence of* the * * * patrolman, is engaged in the violation of * * * laws. * * * " (Emphasis added.)

An opinion by the Ohio Attorney General provides that state patrolmen must follow the procedure prescribed by R. C. 2935.03. 1961 Ohio Atty. Gen. No. 2214. Therefore, state patrolmen are governed by the same standards as are police officers and the phrase "person * * * in the presence of" equates with "person found violating" in R. C. 2935.03.

The case of *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, established several guidelines for a decision on the validity of an arrest. The first is, "generally, each 'drunken driving' case is to be decided on its own particular and peculiar facts." *Mentor* at p. 146. The second is that "where a stationary vehicle is involved, the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle in that condition." *Id.,* paragraph three of the syllabus. The third is: "Chronology is an important element in 'drunken driving' cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating the vehicle." *Id.,* at p. 146. Thus, the court must look to the

facts of this particular case and the order in which they occurred.

The accident occurred at 10:10 p.m. Sometime later the patrolman arrived. By 11:30 p.m. the defendant was at the patrol post. The chronology in this case is not the same as that in *Hudson* v. *Pritchett* (Summit Cty. Ct. App. Dec. 29, 1978), No. 8995, unreported. There, the admission of driving the vehicle was stated two hours after the arrest. In the facts before the court, the defendant admitted he was the operator of the vehicle before the arrest occurred and before he stated his "excuse" for swerving off the road. Thus the facts reveal that the defendant was the driver.

The court must next decide if there is a connection between the fact of driving and the fact of being under the influence. In Justice Leach's concurring opinion in *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, it was stated, at page 275, "the presence of an intoxicated individual in, or in the vicinity of, an automobile which obviously had been driven by him clearly indicates that he was intoxicated while driving." The issue of whether this defendant was under the influence of intoxicants must yet be determined by this court, but if that fact is true there is a connection between being under the influence and driving. Defendant was "parked" only a short while before the township police officers arrived. This is not the same as the situation in *Mentor,* where the vehicle was parked in a lot before the officers' arrival for an indeterminate time. The facts in this case lead to the conclusion that the defendant was driving a motor vehicle while under the influence of alcohol.

*Motion to suppress overruled.*