OPINION
Appellant Fredrick Myers was charged with Operating a Motor Vehicle with a Prohibited Breath Alcohol Content Level, in violation of R.C. 4511.19(A)(3). Appellant tested a .136 on a breathalyser test, after he was stopped for driving left of center by an officer from the East Canton Police Department. The case proceeded to trial in the Canton Municipal Court. Appellant was prohibited from claiming that he was involuntarily intoxicated. Appellant intended to argue that he was intoxicated due to solvents to which he was exposed at work and, therefore, did not have the requisite intent to drive under the influence of alcohol. The court concluded that DUI in violation of R.C. 4511.19.(A)(3) is a strict liability offense. Appellant was convicted as charged. He was sentenced to 180 days incarceration, with all but 35 suspended, and 30 days to be served on electronically monitored house arrest. Appellant assigns a single error:
 ASSIGNMENT OF ERROR:
THE APPELLANT WAS DENIED A FAIR AND FULL HEARING AFTER THE COURT REFUSED TO EXAMINE PERTINENT MATERIAL OFFERED BY COUNSEL BECAUSE THE COURT BELIEVED THAT UNDER THE "STRICT LIABILITY" CLAUSE TO OHIO LAW, THERE WAS NO DEFENSE AVAILABLE TO HIM THAT HE ACTED WITH INNOCENT INTENT TO THE CRIME CHARGED. HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE COURT'S REFUSAL TO VIEW OTHER MATERIAL THAT WOULD ESTABLISH FOREVER MORE THAT THE APPELLANT WAS INVOLUNTARILY INTOXICATED ON THE DAY IN QUESTION.
Appellant argues that he was denied a fair trial and effective assistance of counsel by the court's refusal to consider his claim of involuntary intoxication. He argues that he lacked the requisite mental intent to operate his vehicle while intoxicated. The trial court correctly concluded that pursuant to R.C.4511.19(A)(3), Driving While Intoxicated is a strict liability offense. Because that statute does not specify any degree of culpability, the question is whether it plainly indicates a purpose to impose strict criminal liability for the conduct described in the section. R.C. 2901.21(B). The language chosen by the legislature plainly indicates purpose to impose strict liability, because the overall design of the statute is to protect against the hazards to life, limb, and property created by drivers who have consumed so much alcohol that their faculties are impaired. State vs. Grimsley (1982), 3 Ohio App.3d 265, 267, citing Mentor vs. Giordano (1967), 9 Ohio St.2d 140. The legislature defines the offense in terms of the factual presence of alcohol, without reference to the offender's mental state. Id. Further, the legislature created an elaborate procedure to determine the concentration by weight of alcohol in an accused's breath or blood, together with the presumption that if such concentration is .10 percent or more, the accused is under the influence of alcohol. Id. The Assignment of Error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By: Reader, V.J. Gwin, P.J. and Farmer, J. concur.