Defendant-appellant Kevin L. Ladoucer appeals the July 19, 1999 Judgment Entry of the County Court of Morrow County, finding him guilty of driving under suspension, following a trial to the bench. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 16, 1994, appellant was arrested in Peru Township, Morrow County, Ohio, for driving under suspension, in violation of R.C.4507.02(D)(1). This arrest was appellant's seventh offense. A trial was scheduled for April 28, 1994, however, prior to the scheduled trial date, Attorney Brent Yager filed an appearance on appellant's behalf and requested a continuance of the trial. After numerous continuances and failures to appear by appellant, the trial court conducted a bench trial on July 19, 1999. After hearing all the evidence, the trial court found appellant guilty and sentenced him to a period of incarceration of 180 days in the county jail. The trial court also imposed a fine of $1,000 with $800 suspended. It is from this conviction and sentence appellant prosecutes this appeal, raising as his sole assignment of error:
 THE TRIAL COURT LACKED JURISDICTION TO PROCEED IN A TRIAL TO THE COURT WITHOUT A WRITTEN JURY WAIVER.
Herein, appellant maintains the trial court lacked jurisdiction to proceed with a bench trial without a written jury waiver by appellant. "The guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right of a jury trial in such a case on a written demand therefor filed with the court a specified number of days before the date actually set for the trial for the offense charged." Mentor v. Giordano (1967), 9 Ohio St.2d 140, paragraph 1 of syllabus. Crim.R. 23(A) provides, in pertinent part: In serious offense cases the defendant * * * may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing * * * Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto. (Emphasis added).
R.C. 4507.99 provides, "[w]hoever violates division (B)(2) or (D)(1) of section 4507.02 of the Revised Code is guilty of driving under suspension * * * a misdemeanor of the first degree." Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than serious offense." As a first degee misdemeanor, driving under suspension carries a maximum fine of $1,000 and the possibility of up to six months in jail. Driving under suspension qualifies as a petty offense. Because appellant was charged with a petty offense under Crim.R. 23(A), he was required to demand a jury trial. Appellant failed to demand a jury trial and such failure was a complete waiver of the right to trial by jury. Appellant's sole assignment of error is overruled.
 ________________ Reader, V.J.
Farmer, P.J. and Edwards, J. concur.