[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Pursuant to Crim.R. 12(J), plaintiff-appellant, the City of Cincinnati (City), appeals the judgment of the Hamilton County Municipal Court granting defendant-appellee's, Ralph Guethlein, motion to suppress evidence of his blood-alcohol level pertaining to a charge of driving under the influence in violation of R.C. 4511.19(A)(1).[1] For the following reasons, we affirm the judgment of the trial court.
In its first assignment of error, the City argues that the trial court erred in granting the motion to suppress based on the determination that the arresting officer did not have probable cause to arrest Guethlein. We disagree.
At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.[2] Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.[3] Accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.[4]
The evidence presented at the suppression hearing indicated that on July 8, 2000, Officer Taylor arrived at the scene of an automobile accident on Mehring Way in Hamilton County. Upon arrival, Officer Taylor observed a pickup truck crashed into the pillar of a bridge. Guethlein was trapped inside the truck with the steering wheel crushed into his chest. Officer Taylor testified that Guethlein was conscious and able to understand the conversation that transpired between the two of them. The paramedics arrived shortly thereafter and stabilized Guethlein until he could be removed from the truck with a "jaws of life" device. Guethlein, suffering from a severely injured ankle and a broken arm, could not perform field sobriety tests. Several of his teeth were broken and his mouth, face and head were covered with blood. Officer Taylor reported on the Administration License Suspension (ALS) form that there was a strong odor of alcohol about Guethlein's person, but at the hearing the officer did not characterize the odor of alcohol as strong. Officer Taylor admitted that he had not noticed the odor of alcohol until one of the paramedics brought it to his attention. Officer Taylor testified that Guethlein had bloodshot eyes and slow, slurred speech. Once Guethlein was placed in the back of the ambulance, Officer Taylor arrested him for driving under the influence of alcohol. At that point, Guethlein consented to have his blood-alcohol content tested.
Upon a thorough review of the record, we hold that there was competent, credible evidence to support the trial court's finding that Guethlein's slurred speech and bloodshot eyes were not indicative of alcohol consumption but rather a result of the auto accident. Guethlein was bleeding from the mouth and had several teeth that were broken or knocked out, which would likely account for the slurred speech. Further, there was blood all over Guethlein's face and head, explaining the bloodshot eyes. There was also competent, credible evidence to support the finding that there was merely a "perceived" odor of alcohol about Guethlein's person and not a "strong" odor. The officer had not even detected an odor of alcohol until the paramedic mentioned it, and further, the officer did not characterize the odor as "strong" at the hearing.
Reviewing the properly supported facts, we now must determine whether those facts gave rise to probable cause to arrest Guethlein for driving under the influence. We hold that they do not. There is probable cause to arrest without a warrant if at the time of arrest, the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent person in believing that the suspect had committed an offense.[5]
Officer Taylor, at the time of the arrest only knew that he perceived an odor, though not strong, of alcohol about Guethlein and that Guethlein had been involved in an accident. There was no other corroborative evidence of intoxication. For example, Guethlein never admitted that he had consumed any alcohol that day, there was no unexplained bloodshot eyes or slurred speech, there was no testimony or evidence explaining the cause of the accident, and there were no empty beer cans or liquor bottles found in the truck. "Generally, each `drunken driving' case is to be decided on its own particular and peculiar facts."[6] Adhering to that guideline, we find, that based on the particular and peculiar facts presented in this case and within the officer's knowledge, there was no probable cause to arrest Guethlein for driving under the influence of alcohol. Accordingly, the first assignment of error is overruled.
Based on our disposition of the first assignment of error, we do not address the remaining two assignments of error regarding whether the city substantially complied with the applicable regulations pertaining to the execution of blood-alcohol tests.
Accordingly, as the trial court's decision was properly supported by competent, credible evidence and not contrary to law, its judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] Guethlein was also charged with driving without a seatbelt in violation of R.C. 4513.263, failing to maintain reasonable control in violation of R.C. 4511.202, possessing a drug of abuse in violation of R.C. 2925.11 and driving with a prohibited level of alcohol in his blood in violation of R.C. 4511.19(A)(5). The R.C. 4511.19(A)(5) charge is under a different case number than the DUI charge at issue here. Though the trial court noted that the Findings of Fact and Conclusions of Law issued for the (A)(1) charge apply to the (A)(5) charge, the City's appeal only pertains to the (A)(1) charge. The remaining charges have been stayed on appeal.
[2] See, e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972, 982, citing State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583, 584.
[3] See State v. Guysinger (1993), 86 Ohio App.3d 592, 594,621 N.E.2d 726, 727.
[4] See Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911; State v. Klein (1991), 73 Ohio App.3d 486, 488,597 N.E.2d 1141, 1143; see, also, State v. Williams (1993),86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143.
[5] State v. Heston (1972), 29 Ohio St.2d 152, 155-56, 280 N.E.2d 376,379 citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225.
[6] City of Mentor v. Giordano (1967), 9 Ohio St.2d 140, 146,224 N.E.2d 343, 348.