OPINION
The state of Ohio appeals from the judgment of the Portage County Municipal Court, Ravenna Division. Appellee, Eric L. Bokesch, was charged with driving under the influence of alcohol in violation of R.C.4511.19(A)(1). He was also charged with failure to control, driving an unsafe vehicle, and driving without a seatbelt. The trial court granted a motion to suppress evidence. The state appeals pursuant to Crim.R. 12(J).
On May 28, 2000, Officer Justus of the Hiram Police Department was dispatched to a car accident scene on Route 82. As it turned out, the accident occurred in Mantua Township, out of the officer's jurisdiction. The officer notified the authorities of the jurisdictional situation and, nevertheless, began to investigate the scene. It was a single car accident. The car had rolled, and was resting on its roof by the side of the road. Bokesch was lying alongside the road approximately ten feet from the car. He was injured and bleeding. Paramedics were called. The officer went up close enough to Bokesch to check his condition. He detected a strong odor of alcohol. Bokesch would not say a word to the officer. Before an officer with appropriate jurisdiction arrived at the scene, an individual named David Pistorius approached the officer and told him he had witnessed the accident. Pistorius did not testify at the suppression hearing. Officer Justus testified at the suppression hearing, over objection, that Pistorius stated he was driving in the opposite direction when he saw the car go off the road and flip. Pistorius turned around and, by the time he got to the vehicle, Bokesch was outside of it lying on the ground. Officer Justus placed Pistorius in his cruiser and had him write out a witness statement.
Bokesch was removed from the scene and taken to the hospital. Shortly thereafter, Trooper Sprague of the Ohio State Highway Patrol arrived at the scene. Officer Justus apprised him of the situation, gave him the witness statement, and left. The trooper did an accident report and then went to the hospital to interview Bokesch. The trooper found Bokesch and spoke to him while he was lying in a hospital bed in the emergency room. Bokesch told the trooper he was having problems with his car, but he never actually admitted driving the vehicle. He also did not indicate that anyone else was with him. Bokesch declined to give a written statement. While the trooper was speaking to Bokesch, he detected a strong odor of alcohol and that Bokesch's eyes were glassy and bloodshot. The trooper administered the horizontal gaze nystagmus test. Bokesch hit six clues out of six, indicating intoxication. The trooper concluded that Bokesch was under the influence of alcohol that evening. The trooper did not consult with any doctors regarding Bokesch's condition either before or after his interview. A summons was issued to Bokesch charging him with driving under the influence and three other violations.
Bokesch filed a boilerplate motion to suppress. Among other things, the motion argued the police did not have lawful cause to stop or arrest Bokesch, neither of which occurred. However, in his memorandum in support of the motion, Bokesch included one sentence stating that the police did not have "reasonable grounds to believe the defendant was operating a vehicle while under the influence of alcohol * * *." Officer Justus and Trooper Sprague testified at the motion hearing. The eyewitness, Pistorius, was not subpoenaed to testify. The trial court noted that administering the horizontal gaze nystagmus test to a person on a hospital bed with possible head injuries is not approved procedure nor trustworthy. The trial court also concluded that the state had failed to demonstrate by a preponderance of the evidence that Bokesch was the driver of the vehicle. It consequently concluded that probable cause supporting the charges did not exist. From this judgment, the state appeals, assigning the following errors:
 "[1] The trial court erred when it held a hearing on and subsequently granted the motion to suppress when the factual basis for the motion was not specifically set forth in the motion to suppress or supporting memorandum.
 "[2] The trial court erred as a matter of law when it disregarded competent, credible, admissible evidence that the police officer had probable cause to believe that the defendant was the driver of the crashed vehicle."
In support of its first assignment of error, the state cites State v.Shindler, which states that:
 "In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided."[1]
Under Shindler, a trial court, in its discretion, may decline to conduct a suppression hearing when a defendant files a deficient motion. In this case, while the court may have been justified in declining to conduct a hearing on the basis of the motion that was filed, we do not find that it abused its discretion by allowing the hearing to go forward.
We agree with the state's contention that the motion to suppress was inadequate and inaccurate in the sense that it raised irrelevant issues. However, we disagree with the notion that the state was ambushed with respect to the question of whether it needed to demonstrate the defendant was driving the vehicle. Regardless of what particular issues a defendant may raise in attempting to suppress evidence in this type of case, there are certain facts that the state must always be prepared to demonstrate at the hearing. In a driving under the influence case, the state must always be prepared to demonstrate that the defendant was driving the vehicle. In order to demonstrate probable cause existed to arrest a defendant for driving under the influence, the state should have been prepared to go forward with evidence establishing that the defendant was operating the vehicle, regardless of any other issues raised in a motion to suppress. The state's first assignment of error is without merit.
In its second assignment of error, the state argues it presented evidence at the hearing establishing, as a matter of law, that probable cause existed to cite Bokesch for the offenses charged.
In evaluating an appeal of a motion to suppress evidence, our standard of review is bifurcated with respect to factual and legal issues. We review "the trial court's findings of facts * * * only for clear error and with due weight given to inferences the trial judge drew from the facts."[2] The court of appeals must accept the factual determinations that the trial court made during the suppression hearing when those determinations are supported by competent and credible evidence. When an appeal is directed at a trial court's findings of fact, the reviewing court must determine only whether the findings were against the manifest weight of the evidence.
An appellate court reviews the trial court's application of law to those facts de novo. An appellate court " must independently determine whether the facts meet the appropriate legal standard."[3] The test for probable cause is whether at the moment the citation was issued, "the facts and circumstances within [the police officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."[4]
Moreover, the Supreme Court of Ohio has held that, when the police arrive on the scene of a single car accident where the driving was not observed but a suspect is found in or near the automobile with an odor of alcohol on or about his person, there is probable cause to arrest the suspect for driving under the influence.[5]
In analyzing this case under the probable cause standard, we conclude that Trooper Sprague had reasonably trustworthy information sufficient to warrant a prudent man in believing Bokesch had committed the offenses. While the trooper did not observe Bokesch operating the vehicle, he spoke to the first officer to arrive on the scene. That officer found Bokesch lying next to the vehicle and smelling of alcohol. Bokesch was the only individual present by the car. An eyewitness provided a written statement indicating that Bokesch was the only person observed at the scene at the time of the accident. Under these circumstances, the weight of authority supports a finding that it was entirely reasonable for the trooper to infer that Bokesch was the driver of the vehicle. The crash itself tends to indicate impairment, and both the officer and the trooper detected a strong odor of alcohol.
Under the circumstances, the administration and results of the horizontal gaze nystagmus test are questionable, particularly in light of the fact that no information was obtained from medical professionals regarding Bokesch's condition. Nevertheless, we find that, viewing the totality of the circumstances, including the single car accident, the first officer on the scene discovering Bokesch lying near the automobile smelling of alcohol, and Trooper Sprague's testimony regarding Bokesch's slurred speech, glassy, bloodshot eyes, and the odor of alcohol on his person, the state presented evidence at the hearing establishing probable cause existed to support the charges.
The state's second assignment of error has merit. The judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.
NADER, J., GRENDELL, J., concur in judgment only.
[1] State v. Shindler (1994), 70 Ohio St.3d 54, syllabus.
[2] State v. Searls (1997), 118 Ohio App.3d 739, 741, citing State v.Mills (1992), 62 Ohio St.3d 357, 366.
[3] Id.
[4] Beck v. Ohio (1964), 379 U.S. 89, 91, citing Brinegar v. UnitedStates, 338 U.S. 160, 170-176; Henry v. United States, 361 U.S. 98,102.
[5] Oregon v. Szakovits (1972), 32 Ohio St.2d 271, 291 N.E.2d 742;Mentor v. Giordano (1967), 9 Ohio St.2d 140.