JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Garrett Hebenstreit appeals his conviction for disorderly conduct. Because his sole assignment of error is without merit, we affirm the judgment of the trial court.
On March 19, 2004, after an incident at his son's elementary school, Hebenstreit was charged with disorderly conduct while intoxicated in violation of R.C. 2917.11(B). After waiving his right to counsel, Hebenstreit represented himself in a bench trial. The trial court found him guilty and sentenced him to a suspended term of thirty days and to one year of community control. The trial court also ordered that Hebenstreit pay a $250 fine and court costs, that he stay off the school grounds except in emergency situations, that he be assessed for alcohol or drug abuse, and that, if necessary, he take an anger-management class.
Hebenstreit's sole assignment of error is that the trial court erred in convicting him without an affirmative waiver of his right to a jury trial. A violation of R.C. 2917.11(B) that is committed in the vicinity of a school is a fourth-degree misdemeanor.[1] Under Crim. R. 2(D), a fourth-degree misdemeanor is a petty offense. "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial.[2] Hebenstreit acknowledges that he did not demand a jury trial, but he urges us to depart from the precedent set by the Ohio Supreme Court in Mentor v. Giordano,[3] which upheld the constitutionality of requiring a written request for a jury in petty-offense cases. We decline to do so. The sole assignment of error is without merit, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] R.C. 2917.11(E)(3)(b).
[2] Crim. R. 23(A).
[3] (1967), 9 Ohio St.2d 140, 224 N.E.2d 343, paragraph one of the syllabus.