CITY OF ELYRIA, Appellee.

v.

CONLEY, Appellant.

[Cite as *Elyria v. Conley* (1994), 99 Ohio App.3d 40.]

Court of Appeals of Ohio,
Lorain County.

No. 94CA005799.

Decided Dec. 7, 1994.

*Terry S. Shilling*, Elyria City Solicitor, and *Michael E. Szekely*, for appellee.
*Jack W. Bradley*, for appellant.

REECE, Presiding Judge.

Appellant, Michael Conley, appeals his conviction of driving an automobile while under the influence of alcohol. We affirm.

On August 7, 1993, Conley was stopped by Officer Matthew Eichenlaub on Lake Avenue at West Avenue in Elyria, Ohio. The officer arrested Conley for driving under the influence in violation of City of Elyria Codified Ordinance 333.01. The time of arrest was 12:05 a.m. Conley was chewing tobacco at the time of his arrest, and the officer ordered Conley to remove the tobacco from his mouth. Conley complied. The police took Conley to the West Avenue police station. The station was one block away from the site of arrest, and the total travel time from the site of arrest to the station was approximately thirty seconds.

At the station, Officer Kirt Smith administered a breath-alcohol test on Conley at 12:25 a.m. Conley tested .15 grams of alcohol per two hundred ten liters of breath, one and a half times greater than the legal limit of .10. Smith had observed Conley for approximately eighteen minutes before the administration of

the test. Eichenlaub had observed Conley from the time of arrest to the time of the test.

Conley moved the Elyria Municipal Court to suppress the results of the breath-alcohol test. Conley argued the police did not follow proper procedure in administering the test because the testing officer did not observe Conley a full twenty minutes before giving Conley the test. The trial court denied Conley's request. Conley then pled no contest to driving while under the influence. Conley now appeals.

In his sole assignment of error, Conley argues that the trial court improperly denied his motion to suppress evidence because the police did not properly follow Ohio Department of Health regulations in the administration of the breath-alcohol test. Specifically, Conley contends that the test procedures require the testing officer to observe the suspect for the full twenty-minute period before the administration of the test. Because Smith only observed Conley for a maximum of eighteen minutes before the test, Conley argues Smith did not comply with the twenty-minute requirement, and, therefore, the trial court erred when it did not suppress the evidence. We disagree.

Ohio Department of Health regulations impose certain requirements on the administration of a breath-alcohol test. One of these requirements is that the person being tested be observed for twenty minutes before the test to ensure that nothing has been orally ingested during that time. Ohio Adm.Code 3701–53–02(B), Appendices A–F; *State v. McGarry* (July 25, 1990), Summit App. No. 14467, unreported, 1990 WL 106154. Strict compliance with the twenty-minute time frame is not required. Absent a showing of prejudice to the defendant, the results of an alcohol test administered in substantial compliance with the Ohio Administrative Code are admissible for a prosecution of driving under the influence of alcohol. See *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902, syllabus; *State v. Steele* (1977), 52 Ohio St.2d 187, 192, 6 O.O.3d 418, 421, 370 N.E.2d 740, 743 (holding that rigid compliance with breath-alcohol test procedures is not a prerequisite for admissibility of results into evidence). Consequently, this court has held that substantial, and not strict, compliance with breath-alcohol test procedures is the proper standard to apply. See *State v. McKelvey* (Aug. 7, 1991), Summit App. No. 14963, unreported, at 7, 1991 WL 150986.

In its ruling, the trial court found that Officer Smith, the testing officer, observed Conley for eighteen minutes before administering the breath-alcohol test. Furthermore, the trial court found that Officer Eichenlaub observed Conley from the time of the arrest, 12:05 a.m., until the time of the test, 12:25 a.m. Finally, the trial court found that Conley removed the chewing tobacco from his mouth at the beginning of the twenty-minute period, and the court

determined that the evidence could not demonstrate any effect of the chewing tobacco upon the breath-alcohol test. Thus, the trial court held the police substantially complied with the procedures governing the administration of the test.

The trial court did not err when it found substantial compliance with proper testing procedure. The police conducted continuous observation of Conley for twenty minutes before the administration of the test. Although the observation was conducted by two different officers, several courts of appeals have held that the number of different officers who conduct the observation does not matter so long as the police substantially comply with the twenty-minute observation period. *State v. Boyd* (Oct. 18, 1993), Brown App. No. CA93–04–002, unreported, 1993 WL 414161; *State v. Parks* (May 8, 1991), Hamilton App. Nos. C–900291 and C–900337, unreported, 1991 WL 73299; *State v. Morrow* (Dec. 11, 1991), Guernsey App. No. 91–05, unreported, 1991 WL 274250. But, see, *State v. Fraley* (1991), 77 Ohio App.3d 104, 601 N.E.2d 108 (holding that the testing officer must observe the suspect for twenty minutes). These courts have reasoned that the tacking of observation periods by several police officers substantially complies with testing procedures since the purpose of observation is to prevent the suspect from ingesting any object which could frustrate the test. Accordingly, so long as the observation occurs, the officers will fulfill the purpose of the testing procedures even though several different officers have conducted the observation.

We find this reasoning persuasive. The regulations in the Administrative Code do not specify that the testing officer himself observe the suspect for twenty minutes. The code requires only that the observation occur. Certainly, it is reasonable to allow several police officers to conduct the observation. The observing officers are merely watching for ingestion of some substance by the suspect. Allowing different officers to "tack" their observation time would prevent ingestion by the suspect in the same way as one officer's observation of the suspect. In this case, two officers observed Conley for a total of twenty minutes, and they did not see Conley ingest any substance within that time frame. Consequently, the officers substantially complied with the testing procedures set forth in Ohio Adm. Code 3701–53–02(B), Appendices A–F.

Conley further argues that the trial court should have suppressed the test results because Conley had chewing tobacco in his mouth some time after the arrest at 12:05 a.m. Thus, Conley contends the police did not administer the test properly because he ingested a substance within the twenty-minute observation period required before the test. We disagree.

■ The trial court found that at the very beginning of the twenty-minute period, Conley removed the chewing tobacco from his mouth. In addition, the

court found the evidence did not indicate that the chewing tobacco had any effect on the validity of the test results. The trial court based its finding on the evidence presented, including the testimony of the two witnesses at the suppression hearing, Officers Eichenlaub and Smith. At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 57, 437 N.E.2d 583, 584; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The record in this case does not contradict the finding of the trial court. Therefore, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and COOK, JJ., concur.