**CITY OF COLUMBUS, Appellee,**

v.

**CAYNOR, Appellant.**

[Cite as *Columbus v. Caynor* (1996), 111 Ohio App.3d 394.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APC09–1156.

Decided May 30, 1996.

---

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Brenda J. Keltner,* for appellee.

*Mark A. Serrott,* for appellant.

DESHLER, Judge.

Defendant-appellant, John W. Caynor, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court upon finding him guilty of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3).

Appellant was arrested at 12:28 a.m. on February 1, 1995, for operating a motor vehicle while under the influence of alcohol. Appellant was transported to the Columbus Police Station and agreed to submit to a BAC Verifier test, which was administered at 1:34 a.m. The test gave a result of .156 grams of alcohol per two hundred ten liters of breath, a reading in excess of the legal limit of .10 grams. Appellant was charged with four traffic offenses, including violation of Columbus City Code ("C.C.C.") 2133.01(A), operating a motor vehicle while under the influence of drugs or alcohol, violation of the *per se* provisions of C.C.C. 2133.01(B)(2), operating a motor vehicle with a blood alcohol concentration of .10 or greater, violation of C.C.C. 2109.01, fleeing, and violation of C.C.C. 2133.03, speeding.

Appellant entered a not guilty plea and filed various motions to suppress the BAC Verifier test results. On May 24, 1995, the court conducted a hearing and ultimately overruled appellant's motions to suppress his breath test results on all the grounds set forth in the motions. Appellant subsequently entered a plea of no contest to a single amended charge of OMVI under R.C. 4511.19(A)(3) and the other charges were dropped.

Appellant has timely appealed and brings the following single assignment of error:

"The trial court erred in failing to suppress the appellant's breath alcohol test when the evidence established the breath testing instrument was not working properly."

Although appellant attempted to suppress his BAC Verifier test results on various other grounds in the trial court, the only basis for suppression argued upon appeal is a discrepancy in the printed test results where, in the place where the year of the test should have appeared in the printout, the numbers 19:2 appeared. Appellant argues that the state failed to present testimony to establish that the machine was in proper working order at the time of the test after appellant raised the issue of the test result inaccuracies due to the misprinted year.

The testimony at the suppression hearing established the following facts. Officer Donald Safreed testified that he was the operator for the BAC Verifier on the night appellant was arrested and tested. Officer Safreed stated that he was a

certified BAC Verifier operator pursuant to instructional classes given by the Ohio Department of Health as a prerequisite to such certification. Officer Safreed testified on direct examination that the BAC Verifier appeared to be operating normally on the night in question.

On cross-examination, Officer Safreed was confronted with the actual BAC Verifier printout from appellant's test. Officer Safreed acknowledged that there was one irregularity on the printout, consisting of a partially incorrect date, where, after the notation of February 1, there appeared the numerals 19:2, rather than the correct year 1995. Officer Safreed acknowledged that there might be some concern that an incorrect date would affect the accuracy of the time of the test as well, but did not think that this was necessarily the case. He had never seen an error like this before on a BAC Verifier printout.

On redirect, Officer Safreed stated that his primary concern was the proper calibration and accuracy of the alcohol test itself, rather than ancillary functions such as the date. The testing sequence and the test itself appeared to be normal with respect to appellant's results. Officer Safreed conceded that had he been aware of the error on the date printout he would have probably switched machines or taken further action to check the accuracy of the machine in question.

Relying on *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, the trial court overruled appellant's motion to suppress, finding substantial compliance with the Ohio Department of Health regulations ("ODH") for administration of BAC Verifier tests.

Appellant argues that, because appellant at the suppression hearing was able to raise a significant issue as to whether the BAC Verifier machine was working properly and accurately, and the prosecution failed to provide evidence that the machine was in fact in proper working order, the test results must be suppressed. Appellant relies upon the case of *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 38 O.O.2d 366, 224 N.E.2d 343, which states at paragraph six of the syllabus: "Before the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent on the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test."

The Supreme Court of Ohio elaborated on the *Giordano* test in *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908. The first paragraph of the syllabus in *Sand* reiterates the syllabus of *Giordano* and its requirement that the state show that the alcohol testing instrument was in proper working order when the test was administered. The second paragraph of the syllabus of *Sand* further specifies:

"The results of a Breathalyzer test, administered pursuant to R.C. 4511.19, may only be admitted in evidence upon the affirmative establishment of facts supporting the following conditions:

"a. The bodily substance must be withdrawn within two hours of the time of such alleged violation.

"b. Such bodily substance shall be analyzed in accordance with methods approved by the Director of Health.

"c. The analyses shall be conducted by qualified individuals holding permits issued by the Director of Health pursuant to R.C. 3701.143."

■ It is incumbent upon a defendant to challenge admissibility upon these grounds through a pretrial motion to suppress; if the defendant fails to do so, the test results are admissible without requirement upon the state to lay a foundation on these factors. *State v. French* (1995), 72 Ohio St.3d 446, 650 N.E.2d 887.

The state, in the case before us, would have us interpret the above-quoted second paragraph from the syllabus of *Sand* as forming the only possible basis for suppression of a breath-alcohol test result in a drunk driving case. To the contrary, because the first syllabus paragraph of *Sand* reiterates the requirements of *Giordano*, we must conclude that other bases for suppression may exist. However, the emphasis continues to be upon compliance with regulated testing procedure. The Supreme Court most recently has noted that "[t]he accuracy of the test results is a critical issue in determining a defendant's guilt or innocence. The admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns on substantial compliance with ODH regulations." *Kretz, supra,* 60 Ohio St.3d at 3, 573 N.E.2d at 34.

Under the specifically enumerated *Sand* criteria, appellant did not address by motion either the qualifications of Officer Safreed as a BAC Verifier operator or the two-hour time limit on obtaining the sample after the alleged violation. With respect to failure to follow ODH regulations, appellant withdrew his motion based on an alleged failure to properly perform a radio frequency interference ("RFI") survey under Ohio Adm.Code 3701–3–02(C). Appellant continued to argue for suppression based on the officer's alleged failure to follow the twenty-minute observation period under Ohio Adm.Code 3701–53–02(B). The state presented evidence that the observation period had been properly observed, and the trial court found that the state had sustained its burden of proof on this issue. No error has been assigned upon appeal with respect to this aspect of the trial court's decision.

Appellant's contention on appeal is simply that the inaccurate year portion of the time and date readout on appellant's test results raises a presumption that the machine malfunctioned and the state, failing to present any evidence to

rehabilitate the reliability of the machine, has not carried its burden under *Giordano* and its progeny and therefore the test results must thus be suppressed.

■ The issue before us, then, may be framed as follows: (1) whether a malfunction with the date portion of a BAC Verifier test result printout is sufficiently indicative of the unreliability of the machine to compel the state to rehabilitate the machine's accuracy to render the test results admissible, or (2) whether such a malfunction goes only to the weight, rather than the admissibility of the test result, and must be addressed at trial rather than in a suppression hearing. Whether a date or time printout malfunction goes to admissibility or to the weight of the evidence has been addressed by various Ohio courts, with differing results.

Appellant relies heavily upon the case of *State v. Olander* (Aug. 11, 1986), Stark App. No. CA–6876, unreported, 1986 WL 9299. In that case, the court cited *Giordano* and concluded that an inaccurate time and date readout, in the absence of any testimony put on by the state that the error did not affect the breath tests results, gave cause to suppress the test results on the basis that the accuracy of the machine had not been rehabilitated sufficiently to establish the reliability of the test results. It should be noted that the *Olander* opinion has appended to it a rather vigorous and well-reasoned dissent relying principally upon the availability of testimony in that case to the effect that the breath-alcohol function and digital time and date function of the BAC Verifier machine are completely independent and a malfunction with one would not be indicative of a malfunction with the other.

The contrary view, that date or similar errors in a breath machine printout go to the weight of the test results and not their admissibility, was expressed in *State v. Schaeffer* (Apr. 12, 1993), Warren App. No. CA92–04–38, unreported, 1993 WL 106146; *State v. Hostettler* (Feb. 17, 1988), Wayne App. No. 2308, unreported, 1988 WL 21282; and *State v. Rinehart* (May 25, 1990), Ross App. No. 1547, unreported, 1990 WL 71921.

We agree with the majority of the Ohio appellate districts which have addressed this issue and conclude that the erroneous date printout in appellant's breath-alcohol test would properly have been attacked at trial as going to the weight of evidence based upon its possible inaccuracy, rather than through a motion to suppress. Appellant is unable to point to any regulation not complied with or to allege any of the classic bases for suppression of a breath-alcohol test, *e.g.,* that ODH regulations were not properly followed in calibration of the machine, or that the twenty-minute observation period was not observed prior to administration of the test. Appellant is only able to point to the bare fact that the year of the date readout was flawed. While we do not have the benefit, as did the courts in some other cases on this issue, of a transcript of evidence in the

record establishing that the BAC Verifier breath-alcohol function is separate and independent from the digital date and time mechanism, see *Olander, supra* (Milligan, J., dissenting), we do not find that appellant sufficiently established the unreliability of the BAC Verifier in this case so that the results should have been suppressed under *Giordano*. We do not believe that *Giordano* can be read so broadly as to support suppression of evidence based upon factors which more properly go to the weight, rather than the admissibility of the evidence. We therefore conclude that an erroneous date readout on a BAC Verifier test result is not a ground for suppression, but must be challenged at trial as going to the weight and reliability of the test results.

Accordingly, we find the trial court did not err in denying the appellant's motion to suppress the test results. Appellant's assignment of error is overruled and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and LAZARUS, JJ., concur.