DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Henry J. Koenig, III, appeals his conviction for driving while under the influence of alcohol. This Court affirms.
 I.
Around 10:00 p.m., on March 9, 1997, Sergeant Whittaker of the Brunswick Police Department observed Koenig's vehicle speeding and weaving within its lane. While following Koenig's vehicle, Whittaker also noticed the vehicle creep into an intersection in violation of a traffic light and make a turn without using a turn signal. Whittaker eventually clocked Koenig's vehicle at a speed of thirty-seven miles per hour in a twenty-five mile per hour zone and immediately stopped the vehicle.
Koenig admitted that he had consumed a couple of beers. Koenig smelled of alcohol, had bloodshot and glassy eyes, a flushed face, had difficulty maintaining his balance, and failed all of the field sobriety tests that were administered. As a result, Whittaker arrested Koenig for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3). At the police station, a breath test was administered that indicated that Koenig had a concentration of .123 of one gram or more by weight of alcohol per two hundred ten liters of his breath. Based on this evidence Koenig was charged with driving under the influence.
Prior to trial Koenig moved to suppress the results of the breath test. The trial court denied the motion. Koenig plead no contest to the driving under the influence charge in exchange for the dismissal of other related charges and was found guilty. Koenig appeals.
 II.
On appeal, Koenig argues that the trial court erred by "failing to suppress the breath test taken by Defendant because of the failure by the arresting officer to comply with the twenty minute observation requirement involving the administration of a breath test."
R.C. 4511.19(D)(1) states that any bodily substance collected for purposes of determining the concentration of alcohol "shall be analyzed in accordance with methods approved by the director of health." Ohio Adm. Code 3701-53-02 states that "[b]reath samples shall be analyzed according to the operational checklist for the instrument being used." Under the applicable operational checklist, Sergeant Whittaker was required to observe Koenig for twenty minutes prior to testing in order to ensure that he did not ingest anything that would undermine the test results.
This Court has previously held that, "[a]bsent a showing of prejudice to the defendant, the results of an alcohol test administered in substantial compliance with the Ohio Administrative Code are admissible for a prosecution of driving under the influence of alcohol." Elyria v. Conley (1994),99 Ohio App.3d 40, 42. The record in this case shows that Koenig was originally stopped by Whittaker at 10:16 p.m. Whittaker estimated that he had completed the field sobriety tests and arrested Koenig by 10:25 p.m. After arresting Koenig, Whittaker placed Koenig in a squad car and made arrangements for Koenig's vehicle. Whittaker and Koenig estimated that this took anywhere from thirty seconds to three minutes. At approximately 10:28 p.m., Whittaker and Koenig departed for the police station. On the way to the station, Whittaker permitted Koenig to smoke a cigarette. Whittaker required Koenig to discard the cigarette before entering the station. Once inside the station, Koenig was searched and the paperwork for the breath test was completed. At 10:58 p.m. the breath test was administered.
Because these facts constitute substantial compliance with the twenty-minute rule, it is Koenig's burden to prove that he suffered some prejudice. See State v. Murray (Dec. 15, 1995), Ross App. No. 95CA2090, unreported. In order to prove prejudice, Koenig must show that the cigarette he smoked had an effect on the validity of the breath test. However, Koenig offered no evidence in this regard. As such, there was no showing of prejudice.
Koenig also claims that he was left alone in a small waiting room in the police station for a few minutes while Whittaker retrieved the paperwork for the breath test. Koenig argues that this broke the continuity of the observation, thereby violating the twenty-minute rule. However, "`[t]he mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible.'" State v. Steele (1977),52 Ohio St.2d 187, 192, quoting Wester v. State (Alaska 1974),528 P.2d 1179, 1184. Koenig's claims in this regard amount to mere hypothetical assertions; Koenig has never claimed that he actually ingested anything while at the police station. Therefore, the sole fact that Koenig was alone for a few minutes does not render the breath test results inadmissible.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Medina Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DONNA J. CARR, FOR THE COURT
REECE, P. J.
DICKINSON, J., CONCUR