This is an appeal from the Chardon Municipal Court. In a judgment entry dated August 11, 1998, appellant, Claus S. Simpfendorfer, was found guilty of driving under the influence after entering a plea of no contest.
On July 10, 1997, appellant was issued a citation by Officer Phil Cavasinni ("Cavasinni") for driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1); operating a motor vehicle with a prohibited blood alcohol content ("BAC"), in violation of R.C. 4511.19(A)(3); speeding, in violation of R.C.4511.21; and possession of marijuana, in violation of R.C.2925.11. After appellant was placed under arrest, he was transported to the sheriff's department and given a Breathalyzer test, which revealed .181 percent alcohol in his blood. On August 15, 1997, appellant filed a motion to suppress the evidence. A hearing on the motion was commenced on September 23, 1997, and concluded on September 26, 1997. On June 5, 1998, appellant filed a brief in support of his motion to suppress. On June 28, 1998, appellee filed a motion in opposition to appellant's motion to suppress the evidence.
On July 21, 1998, the trial court denied appellant's motion to suppress. On August 11, 1998, appellant entered a plea of no contest to all four charges, but he was found guilty on all charges except speeding, which was dismissed at appellant's cost. On that same date, appellant was sentenced to ninety days in jail, with eighty-seven days of the sentence to be suspended, three years of probation, and a fine of $1,000 for DUI. He was sentenced to ninety days in jail to be served concurrently with the DUI count and fined $100 for driving with a BAC over .10, but the entire sentence was suspended. Appellant was also fined $100 for the possession of marijuana.
On September 10, 1998, appellant timely filed this notice of appeal. On December 31, 1998, appellee, the state of Ohio, filed a motion under App.R. 9(B) for an order requiring appellant to provide a complete transcript of the proceedings or, in the alternative, granting appellee leave to order the balance of the entire transcript of proceedings regarding the suppression hearing. Appellant filed a response to that motion on January 15, 1999. We overruled appellee's motion as moot. Appellant asserts the following as error:
 "[1.] The trial court erred as a matter of law in denying appellant's motion to suppress, as the arresting officer lacked a reasonable, articulable suspicion to stop appellant.
 "[2.] The trial court erred as a matter of law in denying appellant's motion to suppress, as the arresting officer lacked probable cause to arrest appellant.
 "[3.] The trial court erred as a matter of law in failing to suppress the results of appellant's BAC test, as the test was not done in substantial compliance with the Ohio Administrative Code."
Since appellant's first and second assignments of error are interrelated, they will be addressed in a consolidated fashion. Appellant contends that the trial court erred by overruling his motion to suppress because Cavasinni had no reasonable and articulable suspicion to perform the traffic stop, and hence, had no probable cause to arrest him.
We note that the record before this court only contains a videotape recording of the suppression hearing, which we permitted. However, pursuant to App.R. 9(A), appellant has attached to his appellate brief certified excerpts from the hearing. These excerpts only set forth portions of Cavasinni's testimony, and thus, appellant has failed to provide a sufficient transcript of all the evidence relevant to the probable cause issue.
This court has stated that it "will not, nor should appellant expect it to, search through the videotapes in order to find passages that support the assignments of error raised." In reDoyle (Dec. 18, 1992), Geauga App. No. 91-G-1643, unreported, at 4. We have also held that a partial transcript is inadequate to contest the weight of the evidence when it is clear from the record that not all of the relevant proof has been provided. Hallv. Patton (Sept. 2, 1988), Geauga App. No. 1413, unreported, at 2-3. A reviewing court has no choice but to presume the regularity of the proceedings in the trial court without a proper and complete transcript. Doyle, supra, unreported, at 4; see, also,State v. Beatty (Nov. 24, 1995), Geauga App. No. 94-G-1885, unreported, at 5, citing Ostrander v. Parker-Fallis Insulation Co.
(1972), 29 Ohio St.2d 72.
The transcript requirement of App.R. 9 has been applied to cases where an appellant attempts to dispute the result that the facts supported a finding of probable cause to arrest for drunk driving. State v. Angus (Sept. 30, 1992), Geauga App. No. 91-G-1676, unreported, at 3. Although the finding of probable cause is a legal question, a reviewing court must be able review the factual basis of the decision. Id. Consequently, this court has stated that:
 "* * * [t]he distinction between this type of factual question and a manifest weight question, has been stated in the following manner:
 "`Because there is a presumption of regularity in the determinations of a trial court in the absence of a showing to the contrary and, in such case, stated in another sense, an associated presumption that the evidence adduced will support the trial court's judgment, it is basic to appellate law that a trial court's judgment will not be reversed on appeal as being against the weight of the evidence unless all of the evidence is provided to the appellate court for review. Likewise, in the circumstances here, it cannot be determined whether the judgment is contrary to law because the evidence that was provided to us in the partial transcript of proceedings is not conclusive on the issues raised.' Robinson v. McDougal (Aug. 13, 1990), Paulding App. No. 11-89-7, unreported, at 5. (Emphasis added.)" Id. at 3-4.
Although the case at hand includes portions from the videotape recording, it is our determination that the general rules governing a written transcript under App.R. 9 are still applicable. Without a total account of Cavasinni's testimony, we cannot properly review the factual basis of the trial court's finding regarding the reason for the initial stop and ultimate arrest of appellant. Thus, in our view, the evidence supported that decision. Accordingly, appellant's first and second assignments of error lack merit.
In his third assignment of error, appellant contends that the trial court erred by failing to suppress the results of appellant's BAC test as it did not substantially comply with the requirements of the Ohio Administrative Code. Specifically, appellant claims that he was not observed for the full twenty minutes prior to the administration of the Breathalyzer test, and consequently, the results should be admissible.
"Ohio courts have held that substantial compliance with the requirement to observe a suspect for twenty minutes prior to administering a breath test is sufficient." In re Eric W. (1996),113 Ohio App.3d 367, 372, citing, State v. Adams (1992), 73 Ohio App.3d 735,740. In Adams, the court stated:
 "The purpose of the observation rule is to require positive evidence that during the twenty minutes prior to the test the accused did not ingest some material which might produce an inaccurate test result. * * * A witness who testifies to that foundational fact is not required to show that the subject was constantly in his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable. To overcome that inference, the accused must show that he or she did, in fact, ingest some material during the twenty-minute period. The `mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the [B]reathalyzer test results inadmissible.' * * *" 73 Ohio App.3d at 740.
In the case at bar, appellant only provided us with certified excerpts from the suppression hearing, which only contain portions of Officer Sebor's testimony.[1] Hence, since appellant has failed to provide a sufficient transcript of all the evidence relevant to this issue, we have no other choice but to presume the regularity of the proceedings in the trial court. Therefore, we must conclude that the trial found that the testimony of Officer Sebor showed substantial compliance with the regulations for administering a breath test.
Furthermore, appellant asserts that the radio frequency interference ("RFI") calibration was not properly performed by the sheriff's department. However, appellant relies on the testimony of an officer, but has only attached to his appellate brief the cross-examination of that officer's testimony. Therefore, we must presume that the RFI calibration was properly performed.
Appellant also argues that the calibration solution batch number 96902 was an invalid solution batch. This court has previously addressed the problems with batch number 96902 in a motion to suppress. In State v. Monsour (Dec. 5, 1997), Portage App. No. 96-P-0274, unreported, at 8, we affirmed a trial court's ruling to deny a motion to suppress. We determined that:
 "[i]t has been held that to substantially comply with OAC 3701-53-04, the state need only show the solution was approved by the Director of Health and the test was conducted in accordance with the standard procedures provided in the Ohio Admin.Code. * * *
 "Here, the state presented a self-authenticating certificate from the Director of Health certifying the test solution and its anticipated target result. * * * This was sufficient to show, in light of appellant's other stipulations, at least substantial compliance, if not strict compliance, with the regulations. * * *." (Citations omitted.) Id. at 7.
Furthermore, Ohio Adm. Code 3701-53-04(A) provides that approved evidential breath testing instruments shall be checked for calibration no less frequently than once every seven days by a senior operator using a solution of ethyl alcohol approved by the director of health.
The state is only required to prove that the test was conducted in substantial, not strict, compliance with department of health regulations. Defiance v. Kretz (1991), 60 Ohio St.3d 1, 3. If the state shows substantial compliance, then the burden shifts to the defendant to show he was prejudiced by the failure to strictly comply with the regulations. State v. McDonald (Oct. 30, 1998), Washington App. No. 97CA49, unreported, at 5, 1998 WL 799237. Absent a showing of prejudice to the defendant, the results of an alcohol test administered in compliance with the Ohio Administrative Code are admissible as evidence in a driving under the influence case. Elyria v. Conley (1994), 99 Ohio App.3d 40,42.
In the instant matter, the record reveals that the breath-testing machine used on appellant was calibrated on July 2, 1997, July 7, 1997, and again on July 11, 1997. Additionally, appellee supplied the trial court with a certificate dated November 6, 1996, approving the calibration solution batch number 96902. Further, appellee furnished a certificate indicating that Officer Sebor was qualified to operate the instrument. As a result, we conclude that appellant substantially complied with the requirements of Ohio Adm. Code 3701-53-04. Therefore, appellant's third assignment of error is not well-taken.
For the foregoing reasons appellant's assignments of error are without merit. Accordingly, the judgment of the Chardon Municipal Court is affirmed.
 ____________________________________________________________ JUDGE JOSEPH E. O'NEILL, Ret., Seventh Appellate District, sitting by assignment.
CHRISTLEY, P.J., O'NEILL, J., (WILLIAM M.), concur.
[1] Apparently, Officer Sebor was the individual in charge of observing appellant for the twenty minutes prior to the administration of the Breathalyzer test.