The STATE of Ohio, Appellant,

v.

MARTIN, Appellee.

[Cite as *State v. Martin* (2000), 139 Ohio App.3d 891.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0077.

Decided Sept. 18, 2000.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Kelli K. Norman,* Assistant Prosecuting Attorney, for appellant.

*Kane, Sicuro & Simon* and *Ronald J. Kane,* for appellee.

FORD, Presiding Judge.

This appeal emanates from the Portage County Municipal Court, Kent Division. Appellant, the state of Ohio, appeals the judgment entry of the trial court suppressing the Breathalyzer test results of appellee, Gerald D. Martin.

On March 18, 1999, appellee was issued a traffic citation charging him with rules for driving in marked lanes, in violation of R.C. 4511.33; driving under the influence, in violation of R.C. 4511.19(A)(1); and driving with a prohibited concentration of alcohol on his breath, in violation of R.C. 4511.19(A)(3). He entered a plea of not guilty and on March 25, 1999, filed a motion for a probable cause determination. On that same date, appellee filed a motion to suppress alleging that the police department did not conduct his blood alcohol content ("BAC") test according to Ohio Department of Health regulations.

On July 28, 1999, after conducting a suppression hearing, the trial court granted appellee's motion regarding the BAC test, which precluded prosecution of R.C. 4511.19(A)(3). However, the motion was overruled as to R.C. 4511.19(A)(1).[1]

On October 7, 1999, the trial court filed a statement of the evidence, which this court follows, setting forth the following:

" * * * [On March 18, 1999, Officer Anweiler was on duty and] observed a vehicle * * * go off the right side of the road on three occasions * * *.
" * * * *

"The Officer effectuated a stop and * * * observed a strong odor of alcoholic beverage and [appellee] admitted consuming three beers. His eyes were bloodshot and glassy.

" * * * [Appellee] did perform a number of [field] tests. * * *

---

1. We note that nothing prevented the state from going forward on R.C. 4511.19(A)(1). See *State v. Melms* (1999), 131 Ohio App.3d 246, 722 N.E.2d 159.

"The results were not acceptable to the Officer. * * * [Thus, the Officer] arrested [appellee] for Revised Code 4511.19(A)(1).

" * * * *

"The Court found that the documents presented to the Court were in order, being originals or certified copies, but the Court found that the documents relating to the calibration of the machine and the test were printed as performed on March 17, 1999, when, in fact, the arrest took place on March 18, 1999.

"The Court [found] that the machine was in error by one day and that changes were made in writing on the document form, but were not made on [appellee's] printout.

"No explanation was offered to explain the discrepancy, other than the Prosecutor stating that it might be off because of Leap Year; however, 1999 is not a Leap Year. * * *

"The Court [found] that Officer Anweiler did testify that the test was administered on March 18, 1999, but had no explanation as to the error in paperwork.

"The Court [found] that the test documents were in error and that the rule of substantial compliance would not apply and suppressed the test in Revised Code 4511.19(A)(3)."

Appellant timely filed the instant appeal, pursuant to Crim.R. 12(J), from the July 28, 1999 judgment entry and now asserts the following as error:

"The trial court erred when it suppressed the results of defendant-appellee's properly administered breath-alcohol content ("BAC") test."

Appellant's sole contention is that the trial court erred by suppressing the results of the administered BAC test.

The Supreme Court of Ohio has held that "[b]efore the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent on the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test." *Aurora v. Kepley* (1979), 60 Ohio St.2d 73, 14 O.O.3d 273, 397 N.E.2d 400, paragraph one of the syllabus, citing *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 38 O.O.2d 366, 224 N.E.2d 343, paragraph six of the syllabus.

Furthermore, the state is required to prove only that the test was conducted in substantial, not strict, compliance with department of health regulations. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32, 34. If the state shows substantial compliance, then the burden shifts to the defendant to show that he was prejudiced by the failure to strictly comply with the regulations. *State v. McDonald* (Oct. 30, 1998), Washington App. No. 97CA49, unreported, at

5, 1998 WL 799237. Absent a showing of prejudice to the defendant, the results of an alcohol test administered in compliance with the Ohio Administrative Code are admissible as evidence in a driving under the influence case. *Elyria v. Conley* (1994), 99 Ohio App.3d 40, 42, 649 N.E.2d 1277, 1278.

■ Here, the evidence revealed that appellee was given a Breathalyzer test. The trial court found that the documents were in order except for the date. The printouts indicate that the test was taken on March 17, 1999, when the arrest actually took place on March 18, 1999. Officer Anweiler did not provide an explanation as to why the printout was off by one day. However, changes were made on the form, which were omitted from appellee's printout. In *State v. Rinehart* (May 25, 1990), Ross App. No. 1547, unreported, at 2–3, 1990 WL 71921, the appellant argued that when an officer makes a handwritten correction of the wrong date, it is evidence of sloppy work. However, the Fourth District Court of Appeals stated, "[i]t is just the opposite. It is proof that the testing officer carefully checked and caught the machine's error, and did not accept the printout without first checking it for accuracy." *Id.* at 2. We agree.

Moreover, in *Columbus v. Caynor* (1996), 111 Ohio App.3d 394, 676 N.E.2d 540, a similar issue was raised. In that case, the Tenth District Court of Appeals stated that an erroneous date printout in appellant's breath-alcohol test would properly have been attacked at trial as going to the weight of evidence based upon its possible inaccuracy, rather than through a motion to suppress. *Id.* at 398, 676 N.E.2d at 542–543. In *Caynor*, the appellant was unable to point to any regulation not complied with and could not allege any other basis for suppression of a breath-alcohol test, *e.g.*, that the department regulations were not properly followed in calibration of the machine or that the twenty-minute observation period was not observed prior to administering the test. The appellant was only able to point to the bare fact that the date was incorrect. Therefore, the Tenth District concluded "that an erroneous date readout on a BAC Verifier test result is not a ground for suppression, but must be challenged at trial as going to the weight and reliability of the test results." *Id.* at 399, 676 N.E.2d at 543.

Thus, appellee should have attacked his test results at trial. Nonetheless, it is our view that appellant presented sufficient evidence to support a finding that the instrument was in proper working order on March 18, 1999.

Furthermore, the fact that the date was incorrect does not demonstrate that the machine was not in working order because the error was caught and corrected. The trial court determined Officer Anweiler conducted the test on March 18, 1999, and that he arrested appellee on that same date. Hence, it is our determination that appellant met its burden of proof, pursuant to *Giordano*, that the instrument was in proper working order and that its operator had the qualifications to conduct the test.

For the foregoing reasons, appellant's assignment of error is well taken. The judgment of the Portage County Municipal Court, Kent Division, is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.