DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Municipal Court which, after denying a motion to suppress filed by appellant, Earl H. Weidner, accepted appellant's no contest plea and found appellant guilty of operating a vehicle while under the influence of alcohol ("OVUI"). For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR NO. 1
 "I. The Trial Court erred in failing to suppress the breath test results because the State failed to prove pursuant to ORC 4511.19 and OAC 3701-53-02 that the Trooper observed the Defendant for twenty (20) minutes prior to the administration of the breath test in order to prevent the oral intake of any material."
The following facts are relevant to this appeal. At approximately 8:20 p.m. on June 6, 1999, an Ohio state trooper observed appellant driving his vehicle in the trooper's direction at a high rate of speed; the trooper checked the speed with radar and determined that appellant was driving at seventy-six m.p.h. in a fifty-five m.p.h. zone. The trooper then turned his vehicle around and stopped appellant's car. The trooper testified that he detected an odor of alcohol about appellant and he noticed appellant's speech was slurred; appellant admitted that he had been drinking that day. The trooper administered the horizontal gaze nystagmus test in which four of six measures indicated impairment; appellant registered .10 on a portable breath test in the trooper's patrol car. After observing a disability placard in appellant's vehicle, the trooper did not do other field sobriety tests because appellant had hip surgery. Appellant was arrested and charged with driving while under the influence.
Appellant was taken to the Oak Harbor police station for a B.A.C. The observation period was listed on the form as starting at 8:39 p.m. and the B.A.C. test was administered at 8:59 p.m. with a .108 result. The trooper testified that from the time he first encountered appellant until the time appellant took the breath test, the trooper did not lose sight of appellant and that appellant did not insert anything into his mouth. On cross-examination, the trooper admitted that the B.A.C. clock does not record seconds and responded "could be" when asked if the observation period might not necessarily be twenty minutes because the B.A.C. times were not recorded in seconds.
After a hearing, the trial court denied appellant's motion to suppress the results of the breath test. On December 17, 1999, appellant withdrew his not guilty plea, entered a plea of no contest and was sentenced for OVUI. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that he was not observed for twenty minutes prior to the administration of the breath test and that, therefore, the results of the breath test should have been suppressed. Specifically, appellant argues that because there were no seconds recorded for either the start of the observation period, which began at 8:39 p.m., or the time when the breath test was taken, which was done at 8:59 p.m., the observation period could have been less than twenty minutes as required by Ohio Adm. Code 3701-53-01(B)(2) and that, therefore, the trial court erred in denying his motion to suppress. This court finds no merit in this assignment of error.
In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of the witnesses. State v. Venham (1994), 96 Ohio App.3d 649;State v. Clay (1973), 34 Ohio St.2d 250. Thus, it is the trial court's function to determine the credibility of witnesses giving testimony at a suppression hearing. A reviewing court should not disturb the trial court's findings on the issue of credibility.State v. Fanning (1982), 1 Ohio St.3d 19.
As the Ohio Supreme Court noted in State v. Steele
(1977), 52 Ohio St.2d 187, 190, the reason for waiting twenty minutes before testing the subject is to eliminate the possibility that the test result is a product of anything other than the suspect's deep lung breath. Because the accuracy of the test results can be adversely affected if the suspect either ingests material orally, like food or drink, or regurgitates material internally, by belching or vomiting, the suspect must be observed for twenty minutes to verify that no external or internal material may cause a false reading. Id. The Court in Steele also quoted with approval the following from an Alaska Supreme Court case: "The mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyser test results inadmissible." Id. at 192.
Furthermore, in State v. Plummer (1986), 22 Ohio St.3d 292, syllabus, the Ohio Supreme Court held:
 "Absent a showing of prejudice to a defendant, the results of a urine-alcohol test administered in substantial compliance with Ohio Adm. Code 3701-53-05
are admissible in a prosecution under R.C. 4511.19." (Emphasis added.)
The Court in Plummer also stated that "there is leeway for substantial, though not literal, compliance with such [Department of Health] regulations." Id. at 294. Although Plummer involved urine-alcohol analysis, the Ohio Supreme Court adhered to the substantial compliance standard in Defiance v. Kretz (1991),60 Ohio St.3d 1, 3, which involved breathalyser tests. See, also,Elyria v. Conley (1994), 99 Ohio App.3d 40, 42, in which the court stated:
 "Strict compliance with the twenty-minute time frame is not required. Absent a showing of prejudice to the defendant, the results of an alcohol test administered in substantial compliance with the Ohio Administrative Code are admissible for a prosecution of driving under the influence of alcohol."
In State v. Robinson (June 3, 1988), Columbiana App. No. 88-C-1, unreported, the court rejected an argument that there was no evidence that there had been the twenty minute observation period and accepted the times indicated on the B.A.C. The appellate court noted:
 "It was testified by Sgt. Gruszecki that he turned on the B.A.C. verifier at 4:12 A.M. and that he was in the presence of the defendant observing him until the clock on the verifier indicated that the time was 4:32 A.M."
Thus, as the trial court found in the case sub judice, theRobinson court found the B.A.C. times accurate even though the time was not recorded in seconds.
Additionally, in State v. Hawes (Mar. 26, 1996), Athens App. No. 95 CA 1681, unreported, the court rejected the defendant's argument that the prosecution did not prove substantial compliance with the twenty minute observation period when there was no proof that the B.A.C. clock and the dispatcher's clock were synchronized. The Hawes court noted that "strict compliance with the test regulations, including the twenty minute observation period, is not required." The court then stated:
 "Appellant argues that the recorded times presented by the prosecution are unreliable because most of the times came from the dispatcher's desk clock but the final time, that of the test itself, came from the breath testing instrument, and the witnesses could not verify that the two were synchronized. (Footnote omitted.) We note, however, that the trial court found that sufficient time had passed and that the prosecution had shown substantial compliance with the twenty minute observation requirement. The trial court noted that a substantial amount of time passed between the time at which Sgt. Waldron stopped appellant and the time that appellant took the breath test, and concluded that the twenty minute requirement had been complied with. We find that the trial court's conclusion that at least twenty minutes of observation took place prior to the breath test is amply supported by the evidence adduced at the hearing. * * *"
The Hawes court also noted that the defendant did not offer any evidence that he orally ingested anything that could have possibly altered the results of the test.
Assuming arguendo, that this court would require that the observation period time be measured to the second, courts have found substantial compliance in cases by adding the en route time to the testing site to the observation time at the testing site particularly when the defendant did not claim that he had actually ingested any substance that would somehow have affected the result of the breath test. For example, in State v. Wooley (Mar. 3, 1999), Medina App. No. 2912-M, unreported, the court concluded that an observation period in excess of nineteen minutes substantially complied with the required observation period and noted the following facts:
 "* * * Trooper Sheppard testified that Wooley was not within his sight while he secured her vehicle. He also could not recall whether she was in his cruiser or standing near it while he secured her vehicle. Between the time that Trooper Sheppard radioed the Rittman Police Department at 4:25 a.m. until the breath test was administered at 4:44 a.m., Trooper Sheppard had Wooley under continuous observation. Wooley contends that those nineteen minutes are not enough to substantially comply with the twenty-minute requirement. However, Trooper Sheppard testified that he radioed the Rittman Police Department while en route to the police station. Therefore, Trooper Sheppard was able to observe Wooley between the time that he returned to his cruiser (and possibly placed Wooley in the cruiser as well) and the time he made the radio call. We find that this period in excess of nineteen minutes substantially complies with the required observation period.
 "Wooley has also failed to show that she would be prejudiced by anything less than absolute adherence to the twenty minute requirement. She has not claimed that she actually ingested any substance that would somehow have affected the result of the breath test. The assertion of the hypothetical possibility that a substance might have been ingested is insufficient to demonstrate prejudice. (Citations omitted.)"
In State v. Valentine (Aug. 3, 1993), Ross App. No. 91 CA 1843, unreported, the court found that a seventeen minute observation period at the police station coupled with the time the defendant was in the back seat of the police cruiser en route to the police station was substantial compliance particularly when the defendant offered no testimony that she ingested any material during the observation period. A similar conclusion was reached in State v.Morrow (Dec. 11, 1991), Guernsey App. No. 91-05, unreported, in which the court found substantial compliance when the test was administered seventeen minutes after arriving at the patrol post; the court noted that for three to five minutes before arriving at the patrol post, the defendant was handcuffed in the back of the cruiser. The Morrow court concluded that the officer had observed the defendant for the twenty minutes prior to the test, "particularly as appellant produced no evidence that he put anything into his mouth before administration of the test." See, also, State v. Crane (Feb. 29, 1996), Athens App. No. 95CA1663, unreported, in which the court found substantial compliance when the defendant was directly observed for nineteen minutes and fifty-five seconds; for other five seconds, the defendant was in a location where ingestion was unlikely or improbable. The court in Crane also noted that the defendant testified that he did not ingest anything during the twenty minute observation period.
Appellant grounds his argument on this court's prior decision in State v. Durdel (Aug. 23, 1985), Sandusky App. No. S-85-11, unreported. This court distinguished Durdel fromSteele, supra, in which direct observation was less than twenty minutes but there was no evidence that the subject ingested anything during the period of observation. This court concluded that the breathalyser test had not been administered in accordance with OAC 3701-53-02, when Durdel had been observed for only seventeen minutes and there was evidence that the defendant had been smoking during that period of observation.
In the case sub judice, appellant did not present any evidence to prove that he orally ingested any substance during the time between his arrest and the breath test. Furthermore, the trooper testified that he observed appellant continuously from the time the trooper first encountered him until the time of the test. The trooper also testified that he first observed appellant's vehicle at approximately 8:20 p.m. Even if it took the trooper ten minutes to turn his vehicle around and then stop appellant and conduct the field sobriety tests, the trooper would then have been observing appellant from 8:30 p.m. while transporting appellant to the police station for the B.A.C. done at 8:59 p.m. Thus, the trial court did not err in denying appellant's motion to suppress.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
 JAMES R. SHERCK, J., CONCURS IN JUDGMENT ONLY.