DECISION AND JUDGMENT ENTRY
This is an appeal from a Jackson County Municipal Court judgment of conviction and sentence. The trial court denied a motion to suppress evidence filed by Jason M. Horner, defendant below and appellant herein.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY REFUSING TO SUPPRESS THE RESULTS OF THE BREATH TEST WHEREAS THE PROSECUTION FAILED TO PROVE SUBSTANTIAL COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH RULES AND REGULATIONS GOVERNING THE ADMINISTRATION OF BREATH TESTING."
On November 10, 2000, Ohio State Patrol Trooper Gregory Hurd arrested appellant for driving while under the influence of alcohol. Appellant provided a breath sample in order to determine his breath alcohol concentration. After Trooper Hurd obtained the breath test results, he charged appellant with, inter alia, operating a motor vehicle after underage consumption in violation of R.C. 4511.19(B)(2).
On December 12, 2000, appellant filed a motion to suppress evidence. He requested that the trial court suppress: (1) chemical tests, (2) field sobriety tests, (3) statements, (4) officer's observations and opinion concerning sobriety and (5) any physical evidence obtained from appellant or his vehicle. Appellant included in his "Supporting Memorandum" a laundry list of "grounds" in support of his argument for the evidence suppression:
 "1. There was no lawful cause to stop the Defendant, detain the Defendant, and/or probable cause to arrest Defendant without a warrant.
 2. The field sobriety tests performed by the Defendant were not given in the prescribed manner by the arresting officer, thereby making the results of said tests unreliable and prejudicial to the Defendant.
 3. The test or tests to determine the Defendant's alcohol and/or drug level were not taken voluntarily and were unconstitutionally coerced when obtained due to the threat of loss of license not sanctioned by the requirements of R.C. 4511.191.
 4. The individual administering the Defendant's test of alcohol and/or for drugs did not conduct the test in accordance with the time limitation and regulations of the State of Ohio in R.C. 4511.19(D) and Ohio Department of Health governing such testing and/or analysis, as set forth in 3701-53-02 and/or 3701-53-03
of the Ohio Administrative Code, including the operator's checklist instructions issued the Ohio Department of Health included in the appendices to OAC 3701-53-02 and/or OAC 3701-53-04.
 5. The breath testing instrument was not properly checked to determine radio frequency interference as required by OAC 3701-53-04.
 6. The machine or instrument analyzing Defendant's alcohol level was not in proper working order and not checked in accordance within the time and manner required by OAC 3601-53-04.
 7. The solution used to calibrate the testing instrument was invalid and not properly maintained in accordance with OAC 3701-53-04. 8. The operator was not licensed to operate the instrument analyzing the Defendant's alcohol level in accordance with OAC 3701-53-07. The person or persons responsible for the care, maintenance and instrument check of the instrument analyzing Defendant's alcohol level were not qualified to perform instrument checks of the instrument in accordance with OAC 3701-53-07.
 9. The machine or instrument analyzing Defendant's drug level was not authorized in accordance within the manner required by OAC 3701-53-02 and/or OAC 3701-53-03.
 10. The lab operator was not licensed to operate the instrument analyzing Defendant's alcohol and/or drug level nor was the operator currently licensed to operate the instrument in accordance with OAC 3701-53-01, OAC 3701-53-07 and/or OAC 3701-53-09.
 11. Statements from the Defendant were obtained in violation of his Fifth Amendment right against self-incrimination and of both his Fifth and Sixth Amendment right to counsel as applicable under the Fourteenth Amendment.
 12. Items from Defendant's person and/or vehicle were obtained in violation of his right against unreasonable searches and seizures as set forth in the Fourth Amendment of the U.S. Constitution and Article I, Section 14 of the Ohio Constitution."
At the motion hearing appellant, noting that several of the motions's prongs did not appear to apply to the case sub judice, withdrew his request to suppress certain evidence. The trial court then heard evidence on the motion and on February 5, 2001, overruled the motion in its entirety. With respect to the breath alcohol test, the court noted that appellant's motion did not adequately set forth the relevant and specific factual underpinnings in support of the suppression request. Appellant then entered a no contest plea and the court found appellant guilty as charged. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by failing to suppress the breath alcohol test. In particular, appellant contends that the state failed to establish substantial compliance with the applicable breath test requirements, including the calibration solution's expiration date. Appellee argues, however, that it did in fact establish substantial compliance with the applicable breath testing rules and regulations.
Initially, we note that an appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. When considering a motion to suppress, a trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. State v. Smith (1997),80 Ohio St.3d 89, 105, 684 N.E.2d 668; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972, certiorari denied, 505 U.S. 1227,112 S.Ct. 3048, 120 L.Ed.2d 915; State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034. An appellate court must defer to a trial court's factual findings if those findings are supported by competent, credible evidence. State v. DePalma (Jan. 18, 1991), Ross App. No. 1633, unreported. Accepting a trial court's factual findings, an appellate court must determine "without deference to the trial court, whether the court has applied the appropriate legal standard. Anderson at 691. See, also, State v. Shelpman (May 23, 1991), Ross App. No. 1632;State v. Simmons (Aug. 30, 1990), Washington App. No. 89CA18.
In the case sub judice, appellant asserts that the prosecution failed to establish that the breath alcohol test substantially complied with the Ohio Department of Health Regulations. Specifically, appellant argues that appellee failed to establish that the calibration solution used to calibrate the breath testing device had not been used beyond the manufacturer's expiration date. Appellant notes that the calibration solution must not be used for more than three years after the solution's creation. See O.A.C. 3701-53-04(A)(1). This fact, appellant contends, may generally be established by producing documentary evidence in the form of a "calibration solution certificate" or a "batch and bottle affidavit."
R.C. 3701.143 authorizes the director of health to issue regulations regarding blood, breath and urine testing for drugs and alcohol. The Ohio Department of Health regulations impose certain requirements for the administration of alcohol tests. Substantial compliance with these administrative rules is required in order for the alcohol test results to be admissible in evidence. Defiance v. Kretz (1991),60 Ohio St.3d 1, 573 N.E.2d 32;State v. Plummer (1986), 22 Ohio St.3d 292, 490 N.E.2d 902, syllabus; see, also, State v. Steel (1977), 52 Ohio St.2d 187,370 N.E.2d 740. Once the state has established substantial compliance with the administrative rules, the burden then shifts to the defendant to demonstrate that he would be prejudiced by anything less than literal compliance. Plummer; State v. Brown (1996), 109 Ohio App.3d 629,672 N.E.2d 1050. Absent a showing of prejudice to the defendant, the results of an alcohol test administered in substantial compliance with the Ohio Administrative Code are admissible in evidence in a driving under the influence case. Elyria v. Conley (1994, 99 Ohio App.3d 40,649 N.E.2d 1277; Plummer, Steel.
Calibration is the process by which a breathalyzer machine is tested for its range of accuracy. Ohio Adm. Code 3701-53-04 establishes a detailed procedure that requires the calibration of breath testing instruments at least once every seven days. This rule specifies several additional safeguards concerning the conditions under which such calibrations are to occur. Ohio Adm. Code 3701-53-04(A)(1)-(4). The overall goal of these calibration procedures is to insure the accuracy of breathtesting results.
In the instant case the crux of the controversy involves the adequacy of appellant's motion to suppress evidence. Appellant argues that his motion and supporting memorandum satisfied the requirements that a motion to suppress adequately inform the prosecution of the relevant claims and issues. The trial court disagreed with appellant's assessment, however.
In State v. Shindler (1994), 90 Ohio St.3d 54, 636 N.E.2d 319, the Ohio Supreme Court noted that the defendant's motion to suppress evidence with language identical to the language used in the case sub judice adequately set forth the bases for the defendant's motion.[1]
The Ohio Supreme Court wrote at 70 Ohio St.3d 54, 57, 636 N.E.2d 319,321;
 "We further noted that Crim.R. 47 `requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged.' Id. at 219, 524 N.E.2d 892.
* * *
 The next seven grounds listed in appellee's motion to suppress challenge the admission of Shindler's breathalyzer test results into evidence. We recognize that appellee's motion to suppress is a virtual copy of the sample motion to suppress that appears in Ohio Driving Under the Influence Law (1990), 136-137, Section 11.16, a legal handbook authored by the Honorable Mark P. Painter of the Hamilton County Municipal Court and James M. Looker, a criminal defense attorney. The authors note that in State v. Morehead (Aug. 8, 1990), Hamilton App. No. C-890534, unreported, 1990 WL 112268, the motion was found to be sufficient to raise issues regarding compliance with alcohol testing regulations to warrant a hearing. The Fourth District Court of Appeals has also found a virtually identical motion to be `fully sufficient in setting forth facts respecting suppression of any alcohol tests.' State v. Gullett (1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176, 179.
 We agree with the Morehead and Gullett courts' analyses and find that Shindler's motion to suppress sufficiently set forth facts in support of suppression of the alcohol test. Appellee not only claimed that she was unduly threatened with the loss of her license in violation of R.C. 4511.191, but she also challenged the admission of her breathalyzer test results on the basis of specific regulations and constitutional amendments she believed were violated.
 Appellee fully complied with Crim.R. 47 and did, in fact, set forth some underlying facts in the memorandum in support of the motion. The court of appeals below, at page 5 of its opinion, reasoned that '[b]ecause appell[ee]'s motion specifically cites to the statute, regulations and [constitutional] amendments she alleges were violated, we find that her motion gave the prosecutor and the court sufficient notice of the basis of her challenge.'
 We conclude, based on Crim.R. 47 and Xenia v. Wallace, supra, that the court of appeals correctly determined that appellee's motion set forth a sufficient factual and legal basis for her challenge of evidence obtained as a result of her warrantless seizure. Appellee's motion and memorandum stated with particularity the statutes, regulations and constitutional amendments she alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of her challenge.
* * *
 We therefore hold that in order to require a hearing on a motion to suppress evidence, the defendant must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided."
In State v. Johnson (2000), 137 Ohio App.3d 847, 739 N.E.2d 1249, the court recently examined, in light of Shindler, whether a motion to suppress evidence sufficiently put the prosecution on notice of the issues to be decided. The court wrote at 137 Ohio App.3d 847, 851,739 N.E.2d 1249, 1251:
 "We first examine whether appellant's motion to suppress was stated with sufficient particularity to put the prosecution on notice of the issues to be decided. Crim.R. 47 requires a motion to `state with particularity the grounds upon which it is made.' In State v. Shindler (1994) 70 Ohio St.3d 54, 636 N.E.2d 319, the Ohio Supreme Court discussed the sufficiency of motions to suppress filed in cases involving the results of breathalyzer tests. The court found that a defendant's motion, which was virtually identical to a sample motion in a handbook, was sufficient to give the prosecutor and court notice of the basis of the challenge and therefore met the requirements of Crim.R. 47. Id. at 58, 636 N.E.2d at 322. We addressed this issue and found that a motion almost identical to the motion in the Shindler case presented a specific legal and factual basis to support a defendant's motion to suppress. State v. Huening (Sept. 19, 1994), Butler App. No. CA94-01-017, unreported, at 3, 1994 WL 506218.
 The city argues that the motion in this case differs because, unlike the Shindler motion, no factual allegations were included in appellant's motion. We disagree. Appellant challenged the admission of his breath test results on the basis of specific regulations he believed had been violated. Appellant's motion sets forth nine paragraphs and is very similar, and in some parts identical, to the motion in Shindler. We find that appellant's motion was stated with sufficient particularity to meet the requirements of Crim.R. 47."
The Johnson court wrote the following, however, with respect to the defendant's calibration solution claim:
 "Appellant next contends that the city did not meet its burden to establish that the instrument check solution was not used after the manufacturer's expiration date or more than three years after the manufacture of the solution. This requirement is found in Ohio Adm. Code 3701-53-04(A)(1), which states, `An instrument check solution approved by the director after the effective date of this rule shall not be used after the manufacturer's expiration date but in no event shall the solution be used more than three years after its date of manufacture, notwithstanding the manufacturer's expiration date.'
 This requirement was not specifically challenged in the motion to suppress. The only statement in the motion to suppress that could be applicable to this requirement is the contention, in general terms, that the `solution used to calibrate the testing equipment was invalid.' The motion to suppress only put the prosecution on notice that the validity of the solution in general was contested. Again, if appellant desired to challenge the specific requirement regarding the manufacturer's expiration date, it was incumbent on him to do so, either in the motion or on cross-examination. Therefore, the prosecution was not required to introduce evidence regarding the manufacturer's expiration date to demonstrate substantial compliance."
(Emphasis added.)
137 Ohio App.3d 847, 853, 739 N.E.2d 1249, 1253. We agree with theShindler and Johnson courts that although motions to suppress evidence need not specifically allege every underlying fact involved in a suppression issue, the motion must sufficiently put the prosecution on notice that a certain issue will be contested. In the case sub judice, we note that appellant's motion did not specifically assert that the calibration solution was used beyond the solution manufacturer's expiration date. If, as in Johnson, appellant had failed to raise this precise issue "either in the motion or on cross-examination," we would not hesitate to find that appellant waived this particular claim. In the instant case, however, appellant did, in fact, raise this particular issue during Trooper Clark's cross-examination. Trooper Clark candidly admitted that he did not have the relevant record with him at the hearing. Thus, we disagree with the trial court's conclusion, albeit very reluctantly, that appellant failed to set forth a minimally sufficient factual basis for the breath alcohol test suppression. Because this factor must be addressed prior to determining the admissibility of appellant's breath alcohol test, we must reverse the trial court's judgment and remand the matter for further proceedings.
We sympathize with the trial court's view of this matter, however. Appellant's motion included almost every conceivable claim that a driving under the influence defendant could raise. At the motion hearing, appellant withdrew many of the claims included in his motion and proceeded to inquire about the remaining claims. Apparently, appellant's counsel did not possess the relevant and necessary information prior to the motion hearing. At this juncture we wish to emphasize that many of the issues raised in appellant's motion to suppress evidence, including the controversy at the heart of the instant case, should be resolved through discovery or through other means prior to a motion hearing. The information at issue here does not generally involve a fact finder's credibility assessment. Indeed, this particular claim involves verifiable numerical data that could easily be determined without the use of judicial resources. While we readily acknowledge that a defendant in a criminal case must be permitted to raise all relevant issues, and we further recognize that the prosecution has the burden to establish the foundation for breath alcohol tests, hearings on motions to suppress evidence should not, under the circumstances present in the case at bar, be used to simply explore all possible issues. If a specific claim or issue hinges on quantifiable or readily ascertainable facts, for example a calibration solution expiration date, all parties should endeavor to locate and to share that information without the necessity of court intervention. Instead, the trial court and this court have been required to devote resources to a matter that could have been easily resolved long ago.
Accordingly, based upon the foregoing reasons, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion. On remand the parties may resolve the issue concerning the calibration solution expiration and compliance with the Ohio Administrative Code.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENTWITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and this matter remanded for further proceedings. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Opinion
Kline, J.: Concurs in Judgment Only
[1] In Shindler, the motion provided:
 "7. The solution used to calibrate the testing instrument was invalid and not properly maintained in accordance with O.A.C. 3701-53-04."
In the instant case, the language in appellant's motion is identical to the Shindler motion. See paragraph No. 7 of appellant's "Supporting Memorandum;" infra.